George H. Nicols, J.
Plaintiffs move for an order vacating, dismissing and/or discharging hospital lien of the Kings County Hospital, hereinafter referred to as the Hospital, amounting to $602. The Hospital waives certain jurisdictional objections initially raised by it with respect to this motion.
The moving papers reveal that on July 22, 1964 plaintiff Bhunnette Mack was involved in an automobile accident sustaining injuries and as a result thereof was confined to the Lutheran Medical Center for four days and then discharged; at that time she was also under the care of Dr. Kaye and discharged by him on September 21, 1964. On October 22, 1964 this plaintiff was confined to the Kings County Hospital where she gave birth to a premature child which died shortly after birth. Plaintiffs sought to examine the hospital records of the Kings County Hospital to determine if there was a causal relationship between the death of the child and the accident of July 22, 1964. However, in order to examine these records it was necessary for plaintiffs to execute an assignment of lien to the Hospital; plaintiffs so complied with the approval and consent of their attorney. The Hospital now insists on the satisfaction of its lien out of the proceeds of plaintiffs’ pending recovery of their claim.
Plaintiffs submit documentary proof indicating that there was no causal connection between the accident and the death of plaintiff’s child and her hospitalization thereof, which fact is conceded by the Hospital. However the Hospital asserts its rights on the sole ground that the assignment executed by the plaintiffs and cosigned by their attorney is a written contract binding upon the parties.
I do not agree with this contention by the Hospital. Hospital liens are a creature of legislative enactment (Lien Law, § 189). The validity of a hospital lien under the special, limited and very carefully circumscribed circumstances prescribed by the statute arises from the explicit language of the Lien Law itself (Lien Law, § 189). The lien exists against the proceeds of personal injury claims of persons admitted on account of such injuries to the hospital within a week after the injury for which the claim is made (see Matter of Meyer v. New York Hosp., 7 A D 2d 60). Thus there are two requirements that give validity to a hospital lien, namely, there must be a causal relationship between the treatment given and the accident for which the patient was admitted and for which a claim is made or will be made and such treatment must be rendered within a week after the injury for which the claim is made. In the case at bar the conceded facts clearly show that neither requirement is present under the lien sought to be enforced by the Hospital. A written *222 assignment of lien in and of itself is insufficient to satisfy the requirements of the statute. Accordingly, I find that there is no valid basis for the Hospital lien and plaintiffs’ motion to discharge the lien is granted in all respects.